IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY LEWIS BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-CV-111-GKF-FHM |
| ) | |
| WALTER DINWIDDIE, Warden, ) | |
| ) | |
| Respondent. ) | |

### OPINION AND ORDER

On February 20, 2007, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). He also paid the $5.00 filing fee. Petitioner states that he challenges his convictions entered in Tulsa County District Court, Case Nos. CF-90-5262 and CF-91-947. For the reasons discussed below, the Court finds the petition is subject to dismissal with prejudice as barred by the one-year statute of limitations applicable to habeas corpus petitions. However, Petitioner shall be afforded the opportunity to file a response demonstrating why his petition should not be dismissed as time-barred.

### *BACKGROUND*

The docket sheet for Tulsa County District Court, Case No. CF-90-5262, viewed at www.oscn.net, reflects that on April 1, 1991, Petitioner was convicted on his pleas of guilty of Second Degree Rape (Count 1); Second Degree Rape, After Former Conviction of Two or More Felonies (Count 2); and Lewd Molestation, After Former Conviction of Two or More Felonies (Count 3). Petitioner was sentenced to life imprisonment on all three counts, to run concurrent with each other and consecutive to the sentences entered in CF-91-947. The docket sheet for Case No.

CF-91-947, also viewed at www.oscn.net, reflects that on April 1, 1991, Petitioner was convicted on his pleas of guilty of Rape by Instrumentation, After Former Conviction of Two or More Felonies (Count 1); First Degree Rape, After Former Conviction of Two or More Felonies (Count 2); and Lewd Molestation, After Former Conviction of Two or More Felonies (Count 3). He was sentenced to life imprisonment on each count, to run concurrent with each other and consecutive to the sentences entered in CF-90-5262. Petitioner did not file a motion to withdraw his pleas in either case and did not otherwise perfect a *certiorari* appeal in either case.

Petitioner states that he filed an application for post-conviction relief raising the grounds of error identified in the instant federal petition. According to Petitioner, the state district court denied post-conviction relief on May 24, 1994. He appealed, and on August 18, 1994, in Case No. PC-94-783, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial of post-conviction relief.

As indicated above, Petitioner filed the instant petition for writ of habeas corpus on February 20, 2007.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

>United States is removed, if the applicant was prevented from filing by such State actions;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language under § 2244(d)(1)(A) would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for habeas corpus relief.

The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Thus, the one-year grace period would be tolled during

time spent pursuing an application for post-conviction relief properly filed during the grace period.

Application of § 2244(d)(1)(A) leads the Court to conclude that this habeas petition is subject to dismissal as time-barred. Petitioner's convictions became final on or about April 11, 1991, or almost five (5) years before enactment of the AEDPA. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had until April 24, 1997, to submit a timely petition for writ of habeas corpus. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did seek any post-conviction relief during the grace period. In his petition, Petitioner indicates he filed applications for post-conviction relief in 1994. Those proceedings concluded on August 18, 1994, or before enactment of the AEDPA, and did not impact the running of the limitations period as there was no limitations period at that time. Nothing in the petition suggests Petitioner sought post-conviction or other collateral relief during the limitations grace period. Therefore, Petitioner is entitled to statutory tolling under § 2244(d)(2) and his petition, filed February 20, 2007, appears to be untimely and subject to dismissal.

Petitioner offers no explanation for his delay in seeking federal habeas corpus relief. However, Petitioner is advised that the statute of limitations contained in § 2244(d) is not

jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). The Court finds Petitioner shall be given the opportunity to address the limitations issues discussed herein. Therefore, Petitioner shall file a response within thirty (30) days of the entry of this Order demonstrating why this matter should not be dismissed as time-barred.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

(1) This petition is subject to dismissal with prejudice as barred by the one-year statute of limitations applicable to habeas corpus petition.

(2) Within thirty (30) days of the entry of this Order, by March 28, 2007, Petitioner shall file a response demonstrating why this matter should not be dismissed as time-barred.

(3) Should Petitioner fail to file a response by the above-referenced deadline, the petition shall be dismissed with prejudice as barred by the statute of limitations.

DATED THIS 26th day of February, 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma