IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY LEWIS BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-CV-111-GKF-FHM |
| ) | |
| WALTER DINWIDDIE, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On February 20, 2007, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). He also paid the $5.00 filing fee. Petitioner states that he challenges his convictions entered in Tulsa County District Court, Case Nos. CF-90-5262 and CF-91-947. By Order filed February 26, 2007 (Dkt. # 3), the Court determined that the petition was subject to dismissal with prejudice as barred by the one-year statute of limitations applicable to habeas corpus petitions. Petitioner was afforded the opportunity, however, to file a response demonstrating why his petition should not be dismissed as time-barred. On March 15, 2007, Petitioner filed his response (Dkt. # 4). Having carefully considered the arguments presented by Petitioner, and for the reasons discussed below, the Court finds that the petition for writ of habeas corpus should be dismissed with prejudice as barred by the statute of limitations.

### *BACKGROUND*

As discussed in the Court's prior Order (Dkt. # 3), Petitioner challenges his convictions entered in Tulsa County District Court, Case Nos. CF-90-5262 and CF-91-947. Petitioner states he entered guilty pleas in those cases. See Dkt. # 1. The docket sheet for Tulsa County District Court, Case No. CF-90-5262, viewed at www.oscn.net, confirms that on April 1, 1991, Petitioner was convicted on his pleas of guilty of Second Degree Rape (Count 1); Second Degree Rape, After

Former Conviction of Two or More Felonies (Count 2); and Lewd Molestation, After Former Conviction of Two or More Felonies (Count 3). Petitioner was sentenced to life imprisonment on all three counts, to run concurrent with each other and consecutive to the sentences entered in CF-91-947. The docket sheet for Case No. CF-91-947, also viewed at www.oscn.net, confirms that on April 1, 1991, Petitioner was convicted on his pleas of guilty of Rape by Instrumentation, After Former Conviction of Two or More Felonies (Count 1); First Degree Rape, After Former Conviction of Two or More Felonies (Count 2); and Lewd Molestation, After Former Conviction of Two or More Felonies (Count 3). He was sentenced to life imprisonment on each count, to run concurrent with each other and consecutive to the sentences entered in CF-90-5262. Petitioner did not file a motion to withdraw his pleas in either case and did not otherwise perfect a *certiorari* appeal in either case. Petitioner states he was represented by attorney Robert Nigh of the Tulsa County Public Defender's Office.

In his response to the Court's Order, see Dkt. # 4, Petitioner states that he filed a prior federal habeas corpus petition, but that his petition was dismissed without prejudice for failure to exhaust state remedies. The Court's records confirm that on May 17, 1994, in N.D. Okla. Case No. 94-CV-503-JOE, Petitioner filed a habeas corpus petition challenging the same convictions at issue in the instant action. That petition was dismissed without prejudice for failure to exhaust state remedies on August 25, 1994. Petitioner appealed and, on June 5, 1995, the Tenth Circuit affirmed.

In his petition, Petitioner indicates that he filed an application for post-conviction relief raising the grounds of error identified in the instant federal petition. See Dkt. # 1. According to Petitioner, the state district court denied post-conviction relief on May 24, 1994. He appealed, and on August 18, 1994, in Case No. PC-94-783, the Oklahoma Court of Criminal Appeals ("OCCA")

affirmed the denial of post-conviction relief.[1]

More than twelve (12) years after allegedly exhausting state remedies, Petitioner filed the instant petition for writ of habeas corpus on February 20, 2007. He claims he was not competent to enter his guilty pleas and that his trial counsel was ineffective for failing to discover his incompetency prior to entry of his pleas. In response to the Court's Order to show cause why his petition should not be dismissed as barred by the statute of limitations, Petitioner asserts that he is entitled to equitable tolling due to his ongoing mental incompetence. He also claims that he has had no one to assist him since 1994 when he exhausted his state remedies as to the claims raised in the instant petition.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

---

[1]The Court notes that in addition to No. PC-1994-783, the OCCA affirmed the denial of another application for post-conviction relief in No. PC-1994-1274. The docket sheet for Tulsa County District Court, Case No. CF-1990-5262, www.oscn.net, also indicates that Petitioner filed a "fourth application for post-conviction relief" on September 2, 2003. That application was denied by order filed October 13, 2003. Petitioner appealed. The OCCA affirmed the denial of post-conviction relief on December 30, 2003, in PC-2003-1160.

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language under § 2244(d)(1)(A) would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for habeas corpus relief.

The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Thus, the one-year grace period would be tolled during time spent pursuing an application for post-conviction relief properly filed during the grace period.

Application of § 2244(d)(1)(A) leads the Court to conclude that this habeas petition is time-

barred. Petitioner's convictions became final on or about April 11, 1991, or almost five (5) years before enactment of the AEDPA. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had until April 24, 1997, to submit a timely petition for writ of habeas corpus. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did seek any post-conviction relief during the grace period. In his petition, Petitioner indicates he filed applications for post-conviction relief in 1994. Those proceedings concluded on August 18, 1994, or before enactment of the AEDPA, and did not impact the running of the limitations period as there was no limitations period at that time. Nothing in the petition suggests Petitioner sought post-conviction or other collateral relief during the limitations grace period. Therefore, Petitioner is not entitled to statutory tolling under § 2244(d)(2).

Petitioner's prior federal action was also filed and concluded before enactment of the AEDPA and does not impact this Court's analysis of the timeliness of the instant petition. As a result, this petition, filed February 20, 2007, appears to be untimely and subject to dismissal.

As indicated above, Petitioner asserts that he is entitled to equitable tolling of the limitations period due to his mental incompetence. See Dkt. # 4. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary

5

circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

The Court finds that Petitioner has failed to demonstrate entitlement to equitable tolling. Although Petitioner claims to be mentally incompetent, he has provided nothing to indicate that between April 24, 1996, and April 24, 1997, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus.[2] See Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine). Nothing provided by Petitioner supports a factual finding that he has ever been incapable of rational thought entitling him to equitable tolling. Furthermore, as a matter of law, "[t]he Tenth Circuit has never held that mental incapacity tolls the statute of limitation." Biester v. Midwest Health Serv., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996). "The few courts which have recognized an exception for mental incapacity have limited the application of this equitable doctrine to exceptional circumstances." Id. Petitioner in this case has not identified, nor does the record suggest, any extraordinary circumstances that would justify equitable tolling of the one-year limitations period.

In his response to the Court's Order, Petitioner also asserts that he has had no one to assist

---

[2]In his petition, Petitioner asserts that at the time he committed the offenses to which he pleaded guilty, he was taking thorzine (sic), and that he had been "certified" as being incompetent by doctors at the state mental health facility in Vinita, Oklahoma. Petitioner also states that he was sent to Vinita in 1977 for behavioral problems. See Dkt. # 1. In his response to the Court's Order, however, he states that although he is presently mentally incompetent, "he is not required by any prison rule to be housed in the prison's medical unit due to his mental incapacity." See Dkt. # 4 at 2.

him "in this matter" since 1994, when he completed exhausting state remedies. See Dkt. # 4. He also claims that "because petitioner's crimes involved very small children, neither jailhouse lawyers nor prison law clerks" would assist him in pursuing his claims. Id. In addition, Petitioner claims that he suffers from a "severe reading disability" and that he was not made aware of the AEDPA's one-year limitations period. Id. None of those complaints, however, rises to the level of "extraordinary circumstance" sufficient to entitle Petitioner to equitable tolling. In Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), a habeas corpus petitioner argued that his "ignorance of the law" completely robbed him "of any opportunity to fend for himself or otherwise gain equal access to the courts." Marsh, 223 F. 3d at 1220. Citing Fisher v. Johnson, 174 F. 3d 710, 714 (5th Cir. 1999), and other circuit cases, the Tenth Circuit Court of Appeals noted that it is well established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Id. In the instant case, more than twelve (12) years passed between conclusion of post-conviction proceedings serving to exhaust state remedies and the filing of the instant petition. Petitioner's complaints that he had no one to help him and that no one made him aware of the AEDPA's one-year limitations period do not excuse his lack of diligence. Id.; Gibson, 232 F.3d at 808 ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."). Petitioner failed to diligently pursue his federal claims, and for that reason, he is not entitled to equitable tolling. Miller, 141 F.3d at 978.

The petition for writ of habeas corpus is untimely and shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the statute of limitations. A separate Judgment shall be entered in favor of Respondent.

DATED THIS 21ˢᵗ day of November 2007.

*[signature]*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma